IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MORGAN T. FULLER,

    Plaintiff,

v.                                                                                             No. 21-cv-1206 RB-CG

UNITED STATES GOVERNMENT,

    Defendant.

## ORDER OF DISMISSAL

    This matter is before the Court following Plaintiff Morgan Fuller's failure to comply with the *in forma pauperis* statute. Fuller is incarcerated and proceeding *pro se*. He initiated this case on December 20, 2021, by filing a Prisoner Civil Rights Complaint. (Doc. 1.) The Complaint ostensibly seeks relief under 42 U.S.C. § 1983 but touches on topics such as bankruptcy, neglect, sabotage, and defamation of character. By an Order entered January 3, 2022, the Court directed Fuller to either prepay the $402 civil filing fee or file an *in forma pauperis* motion. (Doc. 2.) The Order explained that any *in forma pauperis* motion must attach an inmate account statement reflecting transactions for the six-month period preceding this action. *See* 28 U.S.C. § 1915(a)(2). In the event Fuller has not been detained for six months, the Order also provided the option of submitting a statement reflecting transactions between the date of Fuller's arrest/detention and December 20, 2021, when he filed the case. Fuller was warned that the failure to timely prepay the filing fee or file an *in forma pauperis* motion that includes an inmate account statement will result in dismissal of this case without further notice.

    The deadline to comply was February 2, 2022. Fuller filed a Motion to Proceed *In Forma Pauperis* without the required account statement. (Doc. 3.) Based on his failure to comply with 28

U.S.C. § 1915(a)(2) and Court Orders, the Court will dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b). *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (Rule 41 permits dismissal for "failure to prosecute [and] comply with the . . . court's orders"); *Salazar v. Arapahoe Cnty. Det. Facility*, 787 F. App'x 542, 543 (10th Cir. 2019) (affirming dismissal where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540–41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing action … based upon [plaintiff's] failure to . . . submit . . . account statement"). The dismissal will be without prejudice to refiling and will not count as a strike under the three-strikes provision contained in 28 U.S.C. § 1915(g). The Court will also deny as moot the pending Motion for Leave to Proceed *In Forma Pauperis* (Doc. 3).

**IT IS ORDERED** that Fuller's Motion to Proceed *In Forma Pauperis* (**Doc. 3**) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Fuller's Prisoner Civil Rights Complaint (**Doc. 1**) is dismissed without prejudice; and the Court will enter a separate judgment closing this civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE